UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH BUCCI,

    Plaintiff,

v.                                     Case No: 2:18-cv-762-FtM-38MRM

R.J. REYNOLDS VAPOR
COMPANY and MURPHY OIL USA,
INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Joseph Bucci's Motion to Remand (Doc. 16) and Defendants R.J. Reynolds Vapor Company and Murphy Oil USA, Inc.'s response (Doc. 23). The Defendants removed this action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida to this Court based on diversity jurisdiction. (Doc. 1). Bucci now seeks to remand the action back to state court, arguing that Defendants failed to establish that the amount in controversy is jurisdictionally sufficient. Bucci does not contest the diversity of the parties. (Doc. 16).

This is a product-liability case. Bucci was injured when an e-cigarette manufactured by R.J. Reynolds and sold by Murphy Oil exploded in his pocket, causing

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

burns, nerve damage, and scarring to his left hand, left buttock, left hip, scrotum, and penis. (Doc. 10). He alleges "damages of a permanent and continuing nature, including past and future medical expenses, past and future lost wages and earning capacity, pain, disability, mental anguish, and suffering." (Doc. 10). The complaint seeks "damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and attorney's fees." (Doc. 10).

Defendants argue that the severity of Bucci's injuries alleged in the Complaint makes it facially apparent that the amount in controversy exceeds $75,000. (Doc. 23). They present eleven cases with comparable injuries that resulted in verdicts ranging from $100,000 to $2,045,000. (Doc. 23-1; Doc. 23-2). Defendants have also submitted emails showing that Bucci refused to stipulate that his damages are under $75,000. (Doc. 23-3). In the email exchange, Bucci's counsel stated he had medical bills of $732 but also that he was "fairly certain there are more out there." (Doc. 23-3).

"When a plaintiff does not plead a specific amount of damages, a defendant wishing to remove the complaint from state court must show by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Rowe v. U.S. Bancorp*, 569 F. App'x 701 (11th Cir. 2014). In some cases, courts can determine that the threshold is met based not on additional evidence, but on "judicial experience and common sense." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). But "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

The Court finds that Defendants have not met their burden. It is not facially apparent from the Complaint that the amount in controversy exceeds $75,000. And Defendants have not submitted evidence substantiating their claim that the threshold is met. Defendants' jury verdict research is helpful, but it does not say anything about the facts here. Based on the evidence before it, the Court cannot even roughly estimate the amount in controversy without speculating about details like the severity of Bucci's injuries and how long he was out of work as a result. Defendants have not overcome the presumption favoring remand.

Defendants alternatively request limited discovery on the amount in controversy, expressing concern about the one-year time limit in 28 U.S.C. § 1446(c)(1). (Doc. 23 at 12). Bucci filed the Complaint in state court on September 19, 2018. Defendants have enough time to conduct discovery and remove the case, if warranted, before the time limit runs.

Accordingly, it is now **ORDERED**:

(1) Plaintiff's Motion to Remand (Doc. 16) is **GRANTED**.

(2) The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(3) The Clerk is **DIRECTED** to terminate pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of January, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record